EXHIBIT A TO SC LBR 3015-1
UNITED STATES BANKRUPTCY COURT
**DISTRICT OF SOUTH CAROLINA**

| IN RE: **James Edward Olszewski, Jr.** DEBTOR(S) | CASE NO: **16-05883** <br> CHAPTER: **13** <br><br> NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |
|---|---|

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The above-captioned debtor previously proposed a chapter 13 plan and motions; the debtor now moves, pursuant to 11 U.S.C. § 1323 and Fed. R. Bankr. P. 2002(a)(5) and 2002(b), to modify the proposed plan and motions as detailed below:

*Changes Made: Prior amendment was not in compliance with the new local rule 3015-2 form. Prior amendment removed the vesting provisions that would have vested 3619 W. Mt. Vernon St Milwaukee, WI 53208 in the name of Creditor Mitchell Bank. Creditor has satisfied the mortgage . The prior plan was also revised to modify Paragraph IV (B)(6) has been modified to state that the reason the property was not recorded in lenders name was because of judgments on the property. Paragraph IV (B)(5) is modified to state that Mitchell Bank will not be paid through the Plan.*

*Reason(s) for Change: To comply with 3015-2, to remove vesting provision since Mitchell bank has satisfied the mortgage, to clarify statements regarding why Joe and Marjorie Bradley have not recorded the deed, and to clarify that Mitchell Bank (previously a secured creditor) will not be paid through the Plan due to its recording of a mortgage satisfaction.*

*Specific Creditor(s) Directly Affected by Change: Mitchell Bank, Joe and Mrjorie Bradley*

*Are Unsecured Creditors Adversely Impacted (i.e. decreased dividend): No*

This modification to the chapter 13 plan and motions, and the remaining terms of the chapter 13 plan and motions set forth below, may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

    A.   ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan (See exhibits to SC LBR 3015-1 and 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as Not Applicable or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

    B.   DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II.  MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

A. <u>Nonpossessory, Nonpurchase - Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase- money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

B. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of the debtors interest in property | Judicial lien Not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| **Fleet Capital Summerville 404 Black Oak Bld. Summerville, SC 29485 Residence: single family personal residence** | 236,000.00 | 167,000.00 | 33,000.00 S.C. Code Ann. § 15-41-30(A)(1) | 200,000.00 | 0.00 | 236,000.00 |
| **Yellowstone Capital Summerville 404 Black Oak Bld. Summerville, SC 29485 Residence: single family personal residence** | 25,000.00 | 403,000.00 | 33,000.00 S.C. Code Ann. § 15-41-30(A)(1) | 200,000.00 | 0.00 | 25,000.00 |

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Holder and amount of superior liens | Estimate of creditors claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| -NONE- | | | | |

### III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A. <u>Payments from the debtor to the chapter 13 trustee (the trustee)</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of **$133.00 per month for 2 months, then $300.00 per month for 34 months**, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

---

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

B. Payments from the debtor directly to creditors: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. Attorney for the debtor:
    1. The debtor and the debtors attorney have agreed to an attorneys fee in the amount of $__**3,500.00**__ for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $__**1,000.00**__ was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorneys compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorneys fees in advance of payments to creditors.

    2. If, as an alternative to the above treatment, the debtors attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

B. Secured Creditor Claim: The plan treats secured claims as follows:

    1. General Provisions: The terms of the debtors pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. §362(c)(3) or (c)(4).) Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

    2. Long-term or mortgage debt. No default:
    The debtor is current on obligations to **Bayer Heritage Federal Credit Union** and will continue regular payments directly to that creditor. Description of collateral: **Summerville 404 Black Oak Bld. Summerville, SC 29485**
**Residence: single family personal residence**

    3. Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):

        a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to **-NONE-** at the rate of $(payment amount) or more per month, for (collateral description), along with (percentage)% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

    b.   Maintenance of regular non-arrearage payments. Beginning (month and year), the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

4. <u>Secured portion of claims altered by valuation and lien avoidance</u>:
The trustee shall pay **-NONE-** the sum of $(payment amount) or more per month, along with (percentage)% interest until the secured claim of $(amount of secured claim) established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>:
The lien of Mitchell Bank will be satisfied, to the extent necessary, outside the plan.

6. <u>Surrender of property</u>:
The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **Joe and Marjorie Bradley;** *City of Milwaukee*; **2475-2479 Fondulac Ave Milwaukee, WI 53206 Milwaukee County. Client Transferred via quit claim deed but Debtor is unsure if the transfer was recorded with the office of deeds. Client believes the deed was not recorded because of judgments on property**. Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property. **PLEASE SEE SPECIAL PROVISIONS BELOW IN SECTION V WHICH MAY AFFECT YOUR RIGHTS.**

7. <u>Secured tax debt</u>:
The trustee shall pay _ the sum of $ **0.00** or more per month until the **net balance** of creditor's secured claim plus **0** % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. <u>Priority Creditors</u>: Priority claims shall be paid as follows:

1. <u>Domestic Support Claims</u>. 11 U.S.C. § 507(a)(1):

    a. Pre-petition arrearages.
The trustee shall pay the pre-petition domestic support obligation arrearage to **-NONE-**, at the rate of $(amount) or more per month until the balance, without interest, is paid in full.

    b.   The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. §101(14A) on a timely basis directly to the creditor.

    c.   Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

2. <u>Other Priority debt.</u> The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D. <u>Executory Contracts and Unexpired Leases</u>: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ **0.00** or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E. <u>General Unsecured Creditors</u>: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor **does not** propose to pay 100% of general unsecured claims.

**V.  PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor **except as indicated below**. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

*NONSTANDARD PROVISIONS - AFFECTING City of Milwaukee, Joe and Marjorie Bradley, and Mitchell Bank*

*Pursuant to §§ 1322(b)(8) and (9), title of the property, upon entry of an Order Confirming this Chapter 13 Plan, <u>the property at 2475-2479 Fondulac Ave Milwaukee, WI 53206 shall be vested in Joe and Marjorie Bradley</u>, its successors, transferees or assigns. This vesting shall include all of Debtor's legal and equitable rights. This vesting shall not merge or otherwise affect the extent, validity, or priority of any liens on the property.  Upon confirmation, and the Confirmation Order shall constitute a deed of conveyance of the property when recorded at the Registry of Deeds. All secured claims will be paid by surrender of the collateral and foreclosure of the security interest. Creditors potentially affected by this paragraph include: City of Milwaukee and; Joe and Marjorie Bradley.*

Date:    **April 11 , 2017**

BY:    **/s/ Sean Markham**
**Sean Markham ~76088 SC**
**P.O. Box 20074**
**Charleston, SC 29413-0074**
**843-284-3646**
Attorney for the Debtor/*Pro Se* Debtor
District Court I.D. **76088 SC**

**/s/ James Edward Olszewski, Jr.**
**James Edward Olszewski, Jr.**
Debtor

## CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date.  The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

```
Label Matrix for local noticing         Mitchell Bank                            J. Bratton Davis United States
0420-2                                  c/o Kenner Mann & Kailas, S.C.           Bankruptcy Courthouse
Case 16-05883-jw                        Attn: Eric von Helms                     1100 Laurel Street
District of South Carolina              4650 N Port Washington Road              Columbia, SC 29201-2423
Charleston                              Milwaukee, WI 53212-1991
Mon Apr 10 20:47:08 EDT 2017

(p)SPRINGLEAF FINANCIAL SERVICES        BHFCU                                    Bank Of America
P O BOX 3251                            RR1Box12                                 Nc4-105-03-14
EVANSVILLE IN 47731-3251                Proctor WV 26055                         Po Box 26012
                                                                                 Greensboro NC 27420-6012


Barclays Bank Delaware                  Bayer Heritage Federal Credit Union      Cap1/mnrds
Po Box 8801                             Bhfcu                                    90 Christiana Rd
Wilmington DE 19899-8801                17612 Energy Road, Attn: Sandy           New Castle DE 19720-3118
                                        Proctor WV 26055-1293


Capital One                             Chase, Cardmember Services               Citibank / Sears
Po Box 30285                            PO Box 94014                             Citicorp Cr Srvs/Centralized Bankruptcy
Salt Lake City UT 84130-0285            Palatine, IL 60094-4014                  Po Box 790040
                                                                                 S Louis MO 63179-0040


Citibank/Sears                          City of Milwaukee                        Enterprise Rent-A-Car
Citicorp Credit Services/Attn: Centraliz CITY HALL                               PO Box 801988
Po Bopx 790040                          200 E WELLS ST ROOM 103                  Kansas City, MO 64180-1988
Saint Louis MO 63179-0040               MILWAUKJEE WI 53202-3599


First Savings Credit Card               Fleet Capital                            Joe and Marjorie Bradley
Po Box 5019                             Attn; William Rinehart                   1945 Jean Marie Ct
Sioux Falls SD 57117-5019               PO Box 11975                             Brookfield,  WI 53005-5128
                                        Milwaukee, WI 53211-0975


MUSC                                    Mitchell Bank                            NATIONSTAR
1 Poston Rd                             1039 W Mitchell St                       PO BOX 650783
STE 350                                 Milwaukee Wi 53204-3308                  DALLAS TX 75265-0783
Charleston, SC 29407-3431


Navient                                 Navient Solutions, Inc. on behalf of     Pier 1/Comenity Bank
Attn: Claims Dept                       Great Lakes Higher Education Corp.       Po Box 15298
Po Box 9500                             2401 International Lane                  Wilmington DE 19850-5298
Wilkes-Barr PA 18773-9500               Madison, WI 53704-3192


(p)PORTFOLIO RECOVERY ASSOCIATES LLC    State Collection Service                 Synchrony Bank/Amazon
PO BOX 41067                            Po Box 6250                              Po Box 965064
NORFOLK VA 23541-1067                   Madison WI 53716-0250                    Orlando FL 32896-5064


Synchrony Bank/Sams                     WE ENERGIES                              WISCONSIN DEPARTMENT OF REVENUE
Po Box 965060                           333 W EVERETT ST ATTN BANKRUPTCY         SPECIAL PROCEDURES UNIT
Orlando FL 32896-5060                   MILWAUKEE WI 53203-2803                  PO BOX 8901
                                                                                 MADISON WI 53708-8901
```

| | | |
|---|---|---|
| Wi Electric<br>Wi Energies<br>Po Box 2046 Rm A130<br>Milwaukee WI 53201-2046 | Yellowstone Capital<br>1 Evertrust Plaza<br>14 Floor<br>Jersey City, NJ 07302 | Yellowstone Capital<br>1 Evertrust Plaza<br>14th Floor<br>Jersey City, NJ 07302-3088 |
| Yellowstone Capital<br>17 State St<br>Suite 4000<br>New York, NY 10004-1508 | Yellowstone Capital<br>Attn: Renata Bukham<br>17 State St<br>Suite 4000<br>New York, NY 10004-1508 | James Edward Olszewski Jr.<br>404 Black Oak Blvd<br>Summerville, SC 29485-5838 |
| James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 | Sean P. Markham<br>Markham Law Firm, LLC<br>PO Box 20074<br>Charleston, SC 29413-0074 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| American General Finan<br>Springleaf Financial/Attn: Bankruptcy De<br>Po Box 3251<br>Evansville IN 47731 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Enterprise-Rent-A-Car<br>PO Box 801988<br>Kansas City, MO 64180-1988 | (d)Fleet Capital Attn: William Rinehart<br>PO Box 11975<br>Milwaukee, WI 53211-0975 | (u)Layton St Bk |
| (u)Mitchell Bank | End of Label Matrix<br>Mailable recipients    38<br>Bypassed recipients     4<br>Total                  42 | |

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF SOUTH CAROLINA**

| IN RE:<br><br>**James Edward Olszewski, Jr.**<br><br>DEBTOR(S) | CASE NO: **16-05883**<br>CHAPTER: **13**<br><br>DEBTORS' STATEMENT<br>IN SUPPORT OF CONFIRMATION |
|---|---|

In connection with the plan dated **April 11 , 2017**, the debtor(s) hereby state that they understand the following:

(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under the plan including the direct payments to creditors; and

(3) That debtor(s) may not agree to sell property, or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.

Date **April 11 , 2017**      By: **/s/ James Edward Olszewski, Jr.**
                                                                                       Debtor

Date _____      By: _____
                                                                                       Joint Debtor