**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 16-05883-JW |
| | Chapter 13 |
| James Edward Olszewski, Jr., | **ORDER** |
| Debtor(s). | |

This matter comes before the Court upon the confirmation of the proposed chapter 13 plan, as amended ("Plan"), filed by James Edward Olszewski, Jr. ("Debtor"). The Plan varies from this district's local form chapter 13 plan, by including non-standard language seeking to vest title of the property located at 2475-2479 Fondulac Ave, Milwaukee, WI 53206 ("Property") to Joe and Marjorie Bradley ("Bradleys"), the Property's first mortgage holders, upon confirmation of the Plan. Specifically, the Plan provides the following:

**IV. PLAN DISTRIBUTIONS TO CREDITORS.**

. . .

      6. Surrender of property**:**
The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **Joe and Marjorie Bradley; City of Milwaukee; 2475-2479 Fondulac Ave Milwaukee, WI 53206 Milwaukee County. [Debtor] [t]ransferred via quit claim deed but Debtor is unsure if the transfer was recorded with the office of deeds. Client believes the deed was not recorded because of judgments on property.[1]** Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property. **PLEASE SEE SPECIAL PROVISION BELOW IN SECTION V WHICH MAY AFFECT YOUR RIGHTS.**

. . .

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property

---

[1] In the Debtor's correspondence filed on June 13, 2017, Debtor indicated that after conducting a title search, there are no judgments recorded in Milwaukee County, Wisconsin that would cloud the title.

1

of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor **except as indicated below.**

. . .

*NONSTANDARD PROVISIONS- AFFECTING City of Milwaukee [and] Joe and Marjorie Bradley, . . .*

*Pursuant to §§ 1322(b)(8) and (9), title of the property, upon entry of an Order Confirming this Chapter 13 Plan, the property at 2475-2479 Fondulac Ave Milwaukee, WI 53206 shall be vested in Joe and Marjorie Bradley, [their] successors, transferees or assigns. This vesting shall include all of Debtor's legal and equitable rights. This vesting shall not merge or otherwise affect the extent, validity, or priority of any liens on the property. Upon confirmation, and the Confirmation Order shall constitute a deed of conveyance of the property when recorded at the Registry of Deeds. All secured claims will be paid by surrender of the collateral and foreclosure of the security interest. Creditors potentially affected by this paragraph include: City of Milwaukee and[] Joe and Marjorie Bradley.[2]*

Despite proper service, no objections were filed regarding the vesting of the Property in Debtor's plan. Debtor has indicated that several months prior to filing his petition, he delivered a quitclaim deed to the Bradleys, but it does not appear to have been recorded. Debtor alleges that because the Bradleys have not foreclosed on the Property, Debtor remains the title holder of record and is liable for the Property's ongoing property taxes, insurance, and maintenance. Debtor alleges that relieving himself from these obligations will assist in his reorganization and fresh start.

It does not appear that this manner of plan treatment proposed by Debtor has been previously considered in this district—namely, whether a debtor may vest property in a lienholder in satisfaction of the debtor's obligations under a confirmed chapter 13 plan pursuant to 11 U.S.C. §§ 1322(b)(9) and 1325(a)(5),[3] and in effect transfer the property.

---

[2] The City of Milwaukee was named in the Plan as the city had filed a proof of claim indicating that it held a claim secured by the Property in the amount of $3,774.32 for outstanding property taxes. However, on January 23, 2017, the City of Milwaukee filed an amended claim indicating that it has a claim of $0.00.

[3] Further references to the Bankruptcy Code (11 U.S.C. § 101, *et al.*) shall be by section number only.

## **LAW ON VESTING PLANS**

Section 1322(b) lists the permissive provisions a debtor may include in a chapter 13 plan. Subsection (b)(9) of 1322 states that: [a chapter 13 plan] may— . . . provide for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity . . . ." Furthermore, § 1325(a)(5) provides that a chapter 13 plan may be confirmed with respect to a secured creditor if: (1) the creditor accepts the plan, (2) the plan meets the cram down requirements for the creditor's claim, or (3) the debtor surrenders its rights in property to the creditor.

Several courts in other jurisdictions have addressed whether 11 U.S.C. § 1322(b)(9), in connection with § 1325(a)(5), permits the vesting of property to a secured creditor simultaneously with a debtor's surrender of the property upon confirmation. A critical factor for most courts allowing such provisions is whether the affected secured creditor timely objects to the proposed treatment.

According to § 1325(a)(5), when a secured creditor files an objection, the debtor is left with two options to confirm a plan: provide for a cram down under § 1325(a)(5)(B) or provide for a surrender under § 1325(a)(5)(C). In "vesting" plans, the debtor is not proposing a cram down, and may only confirm the plan by surrendering the secured property to the creditor. Many courts find that the definition of "vesting" under § 1322(b)(9) and "surrender" under § 1325(a)(5)(C) are not equivalents, and that "surrender" is an offering to cede property rights to another party, while "vesting," as in the present circumstances, is the acceptance of a surrendered property by the secured creditor. See, e.g., Wells Fargo Bank, N.A. v. Sagendorph (In re Sagendorph), 562 B.R. 545, 552–53 (D. Mass. 2017). In circumstances where the plan provides for vesting, the plan provides for more than the mere surrendering of the property to the creditor, and goes beyond the

3

constraints of § 1325(a)(5)(C). See, e.g., Bank of New York Mellon v. Watt (In re Watt), 2015 U.S. Dist. LEXIS 54041 at *13–14 (D. Or. Apr. 22, 2015) ("[§ 1325(a)(5)(C)] unambiguously states that a plan is confirmable solely where surrender is proposed. Here debtors' second amended plan did not merely propose the cessation of their interest in the property, it also forcibly transferred that interest, and the attendant liabilities."). Therefore, in instances where the secured creditor objects to the vesting provision, most courts sustain the objection and deny confirmation. See Wells Fargo Bank, N.A. v. Sagendorph (In re Sagendorph), 562 B.R. 545 (D. Mass. 2017) (overturning bankruptcy court's order confirming chapter 13 plan that vested debtor's property into the secured creditor when the creditor objected to confirmation); Bank of New York Mellon v. Watt (In re Watt), 2015 U.S. Dist. LEXIS 54041 (D. Or. Apr. 22, 2015) (same); HSBC Bank USA, N.A. v. Zair (In re Zair), 550 B.R. 188 (E.D.N.Y. 2016) (same); In re Malave, C/A No. 13-13348, 2014 Bankr. 5383 (Bankr. S.D.N.Y. Apr. 11, 2014) (finding that a plan providing for vesting of property to the secured creditor is not confirmable upon an objection from the secured creditor); In re Weller, 548 B.R. 392 (Bankr. D. Mass. 2016) (same); In re Williams, 542 B.R. 514 (Bankr. D. Kan. 2015) (same); In re Tosi, 546 B.R. 487 (Bankr. D. Mass. 2016) (finding that § 1322(b)(9) may not be used to vest property into the creditor and create a fourth option under § 1325(a)(5)); but see In re Rosen, C/A No. 11-23129, 2015 Bankr. LEXIS 4448 (Bankr. D. Kan. Feb. 24, 2015) (permitting vesting of property to a secured creditor upon confirmation after the secured creditor objected to confirmation).

However, when a secured creditor does not timely object to the confirmation of a plan, this Court, as well as many other courts, has held that a creditor's silence to its treatment in a proposed chapter 13 plan constitutes acceptance of that treatment under § 1325(a)(5)(A). See In re Flynn, 402 B.R. 437 (1st Cir. BAP 2009) ("The courts that have considered the question have

4

overwhelmingly concluded that a secured creditor's lack of objection may constitute acceptance of the plan for purposes of § 1325(a)(5)(A)."); In re Jones, 530 F.3d 1284, 1291 n. 4 (10th Cir. 2008) (noting that "creditors must affirmatively assert their rights prior to confirmation" in the context of § 1325(a)(5)); Andrews v. Loheit (In re Andrews), 49 F.3d 1404, 1409 (9th Cir. 1995) ("Here, § 1325(a)(5) is fulfilled because subsection (A) was satisfied when the holders of the secured claims failed to object. In most instances, failure to object translates into acceptance of the plan by the secured creditor."); In re Szostek, 886 F.2d 1405, 1413 (3d Cir. 1989) ("The general rule is that the acceptance of the plan by a secured creditor can be inferred by the absence of an objection."); In re Crawford, 532 B.R. 645, 650 (Bankr. D.S.C. 2015) (finding the creditor's failure to object to the plan constitutes acceptance of its treatment under that plan); In re Turner, C/A No. 10-03358-JW, slip op. at 2 (Bankr. D.S.C. Sept. 21, 2010) (same); In re Dangerfield, C/A No. 04-13686, slip op. at 3 (Bankr. D.S.C. Aug. 23, 2005) (same).

Therefore, when a secured creditor does not file an objection to the confirmation of a "vesting" plan, the creditor is deemed to have accepted the plan's treatment, including the vesting of the property. The majority of courts that have considered a vesting provision have permitted it when the secured creditor has not objected to the treatment. See In re Rosa, 495 B.R. 522 (Bankr. D. Haw. 2013) (permitting vesting of debtor's property to a secured creditor upon confirmation under § 1325(a)(5)(A)); In re Stewart, 536 B.R. 273 (Bankr. D. Minn. 2015) (granting debtor's Motion for Authority to Transfer Real Property by Quitclaim Deed to the creditor after the creditor did not object to the motion or debtor's confirmed plan that provided for vesting of the property upon confirmation); In re Perry, C/A No. 12-01633-8-RDD, 2012 WL 4795675 (Bankr. E.D.N.C. Oct. 9, 2012) (ordering the creditor to commence foreclosure proceeding within 60 days or the property would be conveyed to the creditor after the creditor did not object to debtor's motion to

modify plan that provided for mortgage creditor to be responsible for the property taxes and maintenance of the property).[4]

## APPLICATION IN THIS CASE

In the present matter, it appears the Bradleys were properly served a copy of the Debtor's proposed Plan. Debtor's Plan states the following language which is standard in the district's local form plan: "Failure to object may constitute an implied acceptance of and consent to the relief requested." In addition, the notice included with the Plan provided that all objections to confirmation must be filed within twenty-eight days. The Plan was served on March 30, 2017, with an objection deadline of May 1, 2017; however, the Bradleys did not object to the proposed treatment in the Plan.

As the Bradleys did not timely object to the Plan's treatment of their claim, the Bradleys have accepted Debtor's Plan, including accepting the vesting of the Property in their names upon confirmation. See Rosa, 495 B.R. at 525 (confirming a plan that vested property in the secured creditor when the secured creditor accepted the plan by not objecting to confirmation). In addition, it appears that Debtor has sufficient good faith reasons to propose the vesting of the Property.

---

[4] The Court has found only one case that did not permit the vesting of the property to the secured creditor when the creditor did not object to the debtor's proposed relief. The Bankruptcy Court for the Western District of North Carolina in In re Rose, 512 B.R. 790 (Bankr. W.D.N.C. 2014) addressed a debtor's Motion for Authority to Transfer Real Property to Secured Creditor by Quitclaim Deed. The debtor had previously surrendered property to the secured creditor, but the creditor had not initiated foreclosure, and the debtor sought to vest the property to the creditor through the motion. Id. at 793. The Court held that a debtor could not unilaterally force a secured creditor to accept title to property in satisfaction of the claim. Id. at 793–96. However, the Court noted that vesting would be appropriate if the secured creditor accepted title (which can be evidenced by the creditor's conduct, including not filing an objection to the conveyance). Id. at 796–97. Therefore, in that particular case, because the creditor had not objected or otherwise responded to the motion, the court ordered that the debtor present a quitclaim deed to the creditor, and if the creditor did not file the deed, affirmatively reject the deed, or commence foreclosure within 60 days of presentment, the creditor's inaction would demonstrate acceptance of title, and the debtor could file the quitclaim deed in the public records to vest the property into the creditor. Id. at 797. The present case is distinguishable from In re Rose. In Rose, the confirmed plan only provided for surrender of the property; the vesting was sought at a later period of time by the filing of a motion. On the other hand, this case addresses the vesting of property at confirmation, which includes the implicit acceptance of the plan upon no objection by the secured creditor and the binding effect of a chapter 13 plan under § 1327(a) and United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S. Ct. 1367, 176 L.Ed.2d 158 (2010).

Debtor does not reside in the property, nor exercise any control over it.[5] If title remains in his name, he faces continuing taxes, insurance, and maintenance claims, all of which deplete his resources without any benefit to the bankruptcy estate. Debtors have tendered the quitclaim deed and surrendered the property to the lienholder, who has failed to foreclose or otherwise act. As the Bradleys have accepted the Plan and their treatment, which will promote Debtor's ability to reorganize and achieve a fresh start, the Court finds that Debtor's Plan should be confirmed under § 1325.[6]

**AND IT IS SO ORDERED.**

Columbia, South Carolina
June 16, 2017

**FILED BY THE COURT
06/16/2017**



Entered: 06/16/2017

*/s/ John E. Waites*

US Bankruptcy Judge
District of South Carolina

---

[5] Further by surrendering the Property in the Plan, Debtor is indicating that he will no longer receive any income from tenants of the Property.

[6] The Plan provides that the Confirmation Order shall constitute a deed of conveyance that shall be recorded in the public records. Upon request of Debtor, the Court will issue a further order if necessary for recording or to effectuate the transfer.